```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :      16cv9996(DLC)
ULTRA RECORDS, LLC,                      :
                        Plaintiff,       :      MEMORANDUM
                                         :      OPINION AND ORDER
            -v-                          :
                                         :
CHEE YEE TEOH and ALEKSANDER KHUDALEEV,  :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Plaintiff Ultra Records, LLC ("Ultra Records") moves for an order pursuant to Fed. R. Civ. P. 4(f)(3) permitting alternate service via email of the summons and complaint upon the defendants, Chee Yee Teoh and Aleksander Khudaleev ("Khudaleev").[1]  The underlying action is a suit for copyright infringement.  Ultra Records purports to be the owner of the copyright.  It sent takedown notices to YouTube on or about December 1, 2016 under the Digital Millennium Copyright Act requesting that videos posted on a channel called "Chee Yee Teoh" be removed.  The owner of the YouTube channel responded with a counter-notification under the Act claiming that the use was not infringing because it had permission to use the work.  The counter-notification stated that "I . . . will accept

---

[1] The complaint alleges that "[u]pon information and belief, the defendant, Chee Yee Teoh, is an assumed name of the defendant, Aleksander Khudaleev."

service of process from the claimant" and was signed by Khudaleev. It provided a physical address in Moscow, and an email address, chee-yee-teoh-5376@pages.plusgoogle.com. Ultra Records also corresponded via email with an individual who signed their name "Chee Yee" on January 24 and 25, 2017, via the email address mixsmedia@gmail.com. This person stated that "[m]y friend Alex promised to resolve the issue, but I didn't know about his methods."

Service on a foreign defendant pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"), is "mandatory" when serving a defendant who resides in a foreign country that is a signatory to the Convention. Volkswagenwerk v. Aktiengesellschaft, 486 U.S. 694, 699 (1988); see, e.g., Burda Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005). Where a member state has categorically refused to effect service through the Hague Convention procedures, however, service need not be attempted under the Hague Convention before alternative service methods may be employed. Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1238 (Fed. Cir. 2010). While Russia is a signatory to the Convention, the U.S. Department of State advises it no longer abides by the

Convention and is not considered a party to it.

Fed R. Civ. P 4(f) provides that

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

   (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

   (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

      (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

      (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

      (C) unless prohibited by the foreign country's law, by:

         (i) delivering a copy of the summons and of the complaint to the individual personally; or

         (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

   (3) by other means not prohibited by international agreement, as the court orders.

Plaintiff avers, and the docket reflects, that it sought to effect service under Rule 4(f)(2)(C)(ii) by having the Clerk send by Federal Express the summons and complaint with Russian translations to both defendants. Neither package was able to be delivered. Ultra Records also consulted Russian counsel regarding how to serve the summons and complaint pursuant to

Russian law, and was advised that there are no process servers in Russia for civil cases, that service may be done through the mail but to be effective it has to be delivered to the defendant's domicile at a residential address. The address that Ultra Records has is for an office building in Moscow.

Rule 4(f)(3), Fed. R. Civ. P., permits a court to direct service on a defendant in a foreign country by any "means not prohibited by international agreement." Rule 1, Fed. R. Civ. P. instructs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." A court is afforded wide discretion in ordering service of process under Rule 4(f)(3). See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002). An order for alternative service must comply with due process requirements, which call for notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Where a defendant cannot be reached by mail, service of process via email may be appropriate. Rio Properties, 284 F.3d at 1017–18.

Ultra Records has demonstrated that service through the Hague Convention is not feasible, that it is unable to serve

process to the defendants under Russian law, and that its attempts to serve via certified mail have been unsuccessful. In responding to the counter-notification, the defendants listed chee-yee-teoh-5376@pages.plusgoogle.com as an email address at which they could be reached. Plaintiff also purports to have communicated with "Chee Yee" at mixsmedia@gmail.com. Accordingly, it is hereby

ORDERED that alternate service via email is permitted and shall be made at both email addresses.

Dated:   New York, New York
         April 18, 2017

                                   _____
                                          DENISE COTE
                                   United States District Judge